Wunderlich Act review; Maritime Exchange Contract and Use Agreement; res judicata; law of the case; equitable recoupment; ship repair costs. — Plaintiff seeks review of an administrative assessment of damages for repair of a ship leased to the plaintiff by the defendant United States. *883 Plaintiff and the Maritime Administration entered into an Exchange Contract whereby the defendant transferred three ships to the plaintiff (transfer ships) in exchange for three ships (exchange ships). Simultaneously, under a Use Agreement, the plaintiff leased the exchange ships back from the defendant in order to continue commercial operations while the transfer ships were converted into containerships. Under the two agreements plaintiff was liable for the cost of necessary repairs to the chartered vessels after their use and physical transfer back to the defendant. A joint survey performed after the lease expiration by the parties fixed "in-class” damages at $871,000; non "in-class” at $115,155. Plaintiff paid the "in-class” damage amount under protest and brought suit to recover the amount paid. Defendant counter-claimed for $986,155 — the total cost of repair. The Court, in Sea-Land Services, Inc. v. United States, 204 Ct. Cl. 57, 493 F. 2d 1357, cert. denied, 419 U.S. 840 (1974) (Sea-Land I), upheld the "in-class” repairs determination. Court action on the non "in-class” costs was suspended pending an administrative determination. The Assistant Secretary of Commerce for Maritime Affairs, Maritime Administration, found plaintiff liable for all repair costs, credit being given for the amount of "in-class” repairs already paid and judicially confirmed in Sea-Land I. Thus plaintiff remained liable for the cost of non "in-class” repairs. The present suit attacks the entire determination of plaintiffs liability for repair costs, both "in-class” and non "in-class”. Defendant counter-claims for the cost of non "in-class” repair. On January 10, 1979 Trial Judge Thomas J. Lydon filed a recommended opinion (reported in full at 26 CCF ¶ 83,724) sustaining the administrative determination of damages and finding for the defendant on its counterclaim. The trial judge thwarted the plaintiffs attempt to relitigate the "in-class” repair liability imposed on it by Sea-Land I, finding the cause of action to be the same and relitigation therefore precluded by the law of the case doctrine. Plaintiffs equitable recoupment argument was rejected because a statute of limitations was not involved and no inequity was shown. As to the remaining issue of non "in-class” repairs the trial judge found the administrative determination that such repairs were required and their cost to be supported by *884 substantial evidence and entitled to finality. Plaintiff had a contractual obligation under the rental agreement for the cost of repair and was therefore liable even though the. defendant did not undertake those repairs. On October 12, 1979 the court, by order, adopted the recommended decision as the basis for its judgment, entered judgment against plaintiff and for defendant on its counterclaim, and dismissed the petition. Plaintiffs suggestion for rehearing en banc and motion for rehearing were denied November 30, 1979.